UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21 CR 772 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| THOMAS BRENNER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release. (ECF #50). The Government filed a Response in Opposition to his Motion. (ECF #54). Mr. Brenner then filed a "clarifying motion" stating that he was not seeking a sentence reduction, but rather an Order allowing him to serve his remaining sentence under home confinement. (ECF #55).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R.

542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Brenner attached documentation indicating that he has exhausted his administrative remedies. (ECF #50-2). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13.   A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a).   Mr. Brenner argues that he qualifies for relief because his circumstances meet the definition of extraordinary and compelling reasons as set forth in the USSG policy statement in §1B1.13(b)(1)(C).  This provision provides that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an extraordinary and compelling reason warranting a reduction in sentence. *Id.*  He claims that his father has been diagnosed with dementia and that his mother is finding it increasingly difficult to care for him within the home.  He acknowledges that he has two siblings who live near his parents but presents statements from each stating that they do not feel that they are able to be of significant assistance to their parents.  Mr. Brenner asserts that he is the only family member who

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

would be able to assist his mother so that his father could receive adequate care and remain in his home.

Mr. Brenner's family circumstances do not rise to the level of an extraordinary and compelling reason that would justify a sentence reduction. Although the Government does not dispute that Mr. Brenner's father is, or will soon be, incapacitated for purposes of applying of U.S.S.G. § 1B1.13(b)(3)(C), he does not qualify for relief under the this policy guideline. (CEF #54, PageID 704-05). In order to establish extraordinary and compelling reasons under §1B1.13, the Sentencing Commission requires a defendant to show not only that they have an incapacitated parent, but that the defendant "would be the only available caregiver for the parent."

The documentation provided by Mr. Brenner certainly establishes that the family would prefer to have his help with caring for his father, and that his absence creates a substantial additional burden on the other family members. However, his mother is currently caring for her husband, providing for his daily needs and has been able to obtain medical care for him when necessary. Mr. Brenner's sister is able to fill in some gaps and at least occasionally assist her mother although she is significantly burdened by other responsibilities and her own health issues. Mr. Brenner's brother also acknowledges that he is sometimes able to help out but asserts that his ability to help is restricted because he owns and runs a business that requires a lot of time and effort, and because he travels for work and vacations, and to watch his son play college football in the Fall. IECF #50-10). These letters show that there are people who can, to varying degrees, assist with Mr. Brenner's father's care. As with any family who faces these hardships, they may have to work together to cover the patient's needs, and find ways balance the need for their participation in their father's care management with other obligations. They may also need to

-3-

prioritize availability over non-essential travel or bring in some outside help when necessary. Further, there are ways to obtain professional help caring for dementia patients at home. There is no evidence that the family could not afford to obtain an outside caretaker to assist Mrs. Brenner with many of the tasks she has difficulty performing when her other two children are unable to assist.

The letter presented by Mr. Brenner's mother also indicates an awareness that her husband may eventually need to placed in a facility for his care, but she wants to be able to care for him at home as long as possible. (ECF #50-6, Ex. F1, PageID 617). Although this is an understandable and laudable goal, many families must come to terms with the reality that they may no longer able to care for a loved one, full time, at home. There is no evidence to suggest that the family is unable to financially provide for dementia care in an assisted living facility if home care is no longer a viable option. Finally, the Pre-sentence Report also notes that Mr. Brenner Senior has at least four adult grandchildren who might be able to contribute to his care. There is no evidence relating to their ability or inability to assist Mrs. Brenner with the Senior Mr. Brenner's care. For these reasons, the Court finds that Mr. Brenner has not established that he is the only available caretaker for his father, and his circumstances do not rise to the level of extraordinary and compelling as contemplated by U.S.S.G.§1B1.13.

To the extent that Mr. Brenner is seeking a home confinement placement rather than a reduction or modification of his term of imprisonment, the Court is not able to dictate where his sentence is to be served. Where an inmate is placed and how much of his sentence is served there is ultimately within the BOP's discretion. 18 U.S.C. §3621(b).

Even if Mr. Brenner had satisfied the other criteria for relief, a modification to his sentence the 18 U.S.C. §3553(a) factors do not support a sentence modification. Mr. Brenner

lied to investors and the Financial Industry Regulating Authorities ("FINRA") for years before his conviction.  This resulted in a loss of over $3.4 million dollars spread over 44 individual victims.  If his sentence were terminated now, or even converted to home confinement, he would have served just over one week in prison for each of the 44 victims, who continue to suffer the ramifications of his illegal actions.  He sacrificed the financial security of 44 people, many of whom were his friends, for his own monetary gain.  Mr. Brenner may already receive reductions under the Fair Sentencing Act and as a result of good time credits.  Any further reduction woul fail take into the account the seriousness of his offense, the need to avoid unwarranted sentence disparities, and the need to provide future deterrence both to Mr. Brenner and to others who may consider such actions.  When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Brenner is not entitled to a reduction in sentence.

Mr. Brenner has not demonstrated extraordinary and compelling reasons for relief, or justification within the context of the §3553(a) factors, Further, the determination of appropriate placement whil serving his sentence is an issue for the Bureau of Prisons to decide.  Having considered the record, Mr. Brenner' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's  Motion for Compassionate Release should be DENIED.  (ECF #50).  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: January 21, 2025